Filed 4/25/13  P. v. Flores CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G046476 |
| v. | (Super. Ct. No. 06NF1325) |
| ALVARO FLORES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Carla Singer, Judge.  Affirmed as modified.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Annie Featherman Fraser and Heidi T. Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Alvaro Flores was convicted of assault with a firearm and participating in a criminal street gang (Pen. Code §§ 245, subd. (a)(2), 186.22, subd. (a))[1] in relation to a shooting that occurred outside a home where a party was taking place. On appeal, he argues the sentence on the gang count should have been stayed pursuant to section 654. The Attorney General concedes the point, and we concur.

I

FACTS

Due to the posture of the case and the sole issue on appeal, we need not delve into the facts of this case too deeply. At a birthday party in 2005, a shooting took place outside the home where the party was taking place. A number of people were shot at and several were hit by gunfire. Victor Ortiz, who had apparently been invited to the party, had brought defendant with him. Ortiz heard several gunshots and saw defendant fire a gun from the vehicle in which they were leaving the scene.

When the police arrived, a witness described the man who had fired the gun from the car. Another witness said "I think this is him," when he saw defendant's picture in a photo array. About a week after the shooting, defendant told another witness he had shot out of the car and thought he had shot a man. He asked this witness not to say anything if the police spoke to her.

Defendant was charged with attempted premeditated murder (§§ 664, 187, subd. (a); count one), participation in a criminal street gang (186.22, subd. (a), count two), assault with a firearm (§ 245, subd. (a)(2), count three), and shooting from a motor vehicle (former § 12034, subd. (c), now § 26100, subd. (c), count four). A number of

---

[1] Subsequent statutory references are to the Penal Code.

2

enhancements were also alleged, including that counts one, three and four were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that defendant personally used a firearm while committing counts one and three (§ 12022.5, subd. (a)).

During trial, a gang expert testified that defendant, along with a number of others of those present during the relevant events, were members of Hard Times, a criminal street gang. The expert also testified, when asked about a hypothetical mirroring the facts of this case, that the offenses which occurred at the party were committed for the benefit of and promoted the criminal conduct of the gang.

The jury was unable to reach a verdict on counts one and four, and a mistrial was declared as to those counts. The jury found defendant guilty of counts two and three, and found both enhancements on count three true. Defendant was sentenced, in due course, to the middle term of three years on count three, plus 10 years for the gang enhancement and four years for the gun enhancement, for a total term of 17 years. The court imposed a concurrent sentence of two years on count two.

II

DISCUSSION

Defendant argues that he was found guilty of and sentenced separately for counts two and three. In count two, he was convicted of the substantive crime of participating in a criminal street gang, while in count three, he was convicted of assault with a firearm for the benefit of the gang. Defendant contends that no evidence demonstrated that counts two and three were committed with separate intents, and therefore the sentence on count two should have been stayed pursuant to section 654. The Attorney General concurs, as do we.

3

Section 654, subdivision (a) states: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 654 therefore bars multiple punishment when a defendant is convicted of two or more offenses that are incident to one objective. (*Neal v. State of California* (1960) 55 Cal.2d 11; *People v. Latimer* (1993) 5 Cal.4th 1203 [reaffirming *Neal*].)

"[Section 186.22, subd. (a)] has three elements: (1) '[a]ctive participation in a criminal street gang, in the sense of participation that is more than nominal or passive,' (2) '"knowledge that [the gang's] members engage in or have engaged in a pattern of criminal gang activity,"' and (3) 'the person "willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang." [Citation.]' [Citation.]" (*People v. Mesa* (2012) 54 Cal.4th 191, 197 (*Mesa*).)

In *Mesa*, the California Supreme Court held that section 654 precludes punishment for the substantive gang crime (§ 186.22, subd. (a)) when a defendant is independently punished for the offense that satisfies the third element of the gang crime. (*Mesa*, *supra*, 54 Cal.4th at pp. 197-198.) Thus, section 654 precludes defendant's sentence for both assault with a firearm and the substantive gang crime because the assault is the crime that constitutes the willful promotion, furtherance or assistance in gang members's felonious conduct. According to *Mesa*, defendant's sentence on count two should have been stayed pursuant to section 654 rather than being subject to a concurrent, sentence.

As to the nature of the remedy, neither party requests resentencing, but simply a modification of the judgment. We agree a modification is appropriate in this case.

## III

## DISPOSITION

The sentence on count two is ordered stayed pursuant to section 654. The clerk of the court is ordered to correct the abstract of judgment and send a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.